**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**
**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Audra Starnes, Respondent,

v.

Craig Stoneburner and Citivest Corporation, Appellants.

Appellate Case No. 2023-000082

———————

Appeal From Greenville County
Letitia H. Verdin, Circuit Court Judge

———————

Unpublished Opinion No. 2025-UP-023
Heard October 8, 2024 – Filed January 29, 2025

———————

**AFFIRMED**

———————

Walter B. Todd, Jr., of Walter B. Todd, Jr., PC, of Columbia, for Appellants.

Mark Paget Fessler, of S.C. Legal Services, of Greenville, for Respondent.

———————

**PER CURIAM:** In this lease dispute over a rental house (the Property), Craig Stoneburner and Citivest Corporation (collectively, Stoneburner)[1] appeal the circuit court's order granting summary judgment to Audra Starnes. Stoneburner argues (1) the circuit court erred in granting summary judgment to Starnes for

---

[1] Throughout the proceedings, Stoneburner and his corporation, Citivest Corporation, were treated as a single entity.

Stoneburner's failure to deliver possession of the Property in compliance with the South Carolina Residential Landlord and Tenant Act (the Act),[2] (2) the circuit court erred in granting summary judgment on the issue of treble damages, and (3) Starnes was precluded from an award of attorney's fees because she received free legal services. We affirm.

1. The circuit court did not err in granting summary judgment to Starnes for Stoneburner's failure to deliver possession in compliance with the Act. *See Turner v. Milliman*, 392 S.C. 116, 121-22, 708 S.E.2d 766, 769 (2011) ("When reviewing a grant of summary judgment, appellate courts apply the same standard applied by the trial court pursuant to Rule 56(c), SCRCP."); *id*. at 122, 708 S.E.2d at 769 ("Summary judgment is appropriate when the pleadings, depositions, affidavits, and discovery on file show there is no genuine issue of material fact such that the moving party must prevail as a matter of law."); *id*. ("When determining if any triable issues of fact exist, the evidence and all reasonable inferences must be viewed in the light most favorable to the non-moving party."); § 27-40-430 ("At the commencement of the [lease] term[,] a landlord shall deliver possession of the premises to the tenant in compliance with the rental agreement and [s]ection 27-40-440.").

Under the Act,

> [a] landlord shall: (1) comply with the requirements of applicable building and housing codes materially affecting health and safety; (2) make all repairs and do whatever is reasonably necessary to put and keep the premises in a fit and habitable condition; (3) keep all common areas of the premises in a reasonably safe condition, and, for premises containing more than four dwelling units, keep in a reasonably clean condition; (4) make available running water and reasonable amounts of hot water at all times and reasonable heat except where the building that includes the dwelling unit is not required by law to be equipped for that purpose, or the dwelling unit is so constructed that heat or hot water is generated by an installation within the exclusive control of the tenant and supplied by a direct public utility connection; [and] (5) maintain in reasonably good and

---

[2] S.C. Code Ann. §§ 27-40-10 to -940 (2007 and Supp. 2024).

safe working order and condition all electrical, gas, plumbing, sanitary, heating, ventilating, air conditioning, and other facilities and appliances, including elevators, supplied or required to be supplied by him. Appliances present in the dwelling unit are presumed to be supplied by the landlord unless specifically excluded by the rental agreement. No appliances or facilities necessary to the provision of essential services may be excluded.

§ 27-40-440(a).

The Property was condemned on March 24 after being found unfit for human occupancy by Greenville County Codes Enforcement Division (the Division).[3] A sign was posted on the Property's front door declaring occupation of the Property "unfit, unsafe, [and] unlawful." The Division also mailed Stoneburner an official notice on March 25 which included a report detailing the Property's many defects. The report cites structural flaws, electrical hazards, water supply issues, and roofing failures, all of which violate section 27-40-440(a). Stoneburner argues he complied with the Act because of an exception under section 27-40-440(c), which allows a landlord to assign certain obligations to tenants of a single-family residence. This section provides:

> The landlord and tenant of a single[-]family residence may agree in writing that the tenant perform the landlord's duties specified in paragraph (5) of subsection (a) and also specified repairs, maintenance tasks, alterations, and remodeling, but only if the transaction is entered into in good faith and not for the purpose of evading the obligations of the landlord.

S.C. Code Ann. § 27-40-440(c).

The Property is a single-family residence, and Starnes signed the lease agreement. It stated, "For [v]alid consideration[, t]enants agree to provide [a]ppliances, heat and [a]ir [equipment] if needed and agree to do any repairs, maintenance, etc[.] at their cost (unless agreed to otherwise in writing) as needed on the [P]roperty to keep it up to [c]ode." However, section 27-40-440(c) limits the assignable duties of a landlord to only those "specified in paragraph (5) of subsection (a)" and

---

[3] All dates refer to the 2021 calendar year.

"*specified* repairs, maintenance tasks, alterations, and remodeling." (emphasis added). The blanket provision in the lease agreement for "*any* repairs, maintenance, etc[.] . . . as needed on the [P]roperty to keep it up to [c]ode" is not allowed under this section. (emphasis added). While the duties specified in paragraph (5) may be assigned, a landlord must perform the duties specified in paragraphs (1) through (4) of section 27-40-440(c), which include keeping the property up to code. Further, Stoneburner did not enter the lease in good faith, but as a means to evade his duties as the landlord.[4] Stoneburner argues that summary judgment was improper because he should have been given the opportunity to offer testimony to refute the Division's findings regarding the state of the Property. Given the extensive photographs in the record of the Property's poor condition and the fact that any one of the issues cited above from the official notice's report would have been grounds for condemnation, no genuine issue of material fact exists. Therefore, the circuit court properly granted summary judgment because Stoneburner failed to deliver possession of the Property in compliance with the Act.

2. The circuit court did not err in granting summary judgment on the issue of treble damages. Though the circuit court's specific reasoning is not clear in its Form 4 Order, there were sufficient grounds to grant summary judgment under either section 27-40-620(b) or section 27-40-410(b).[5] *See* § 27-40-620(b) ("If a person's failure to deliver possession is willful and not in good faith, an aggrieved person may recover from that person an amount not more than three months' periodic rent or twice the actual damages sustained, whichever is greater, and reasonable attorney's fees."); *see also* § 27-40-210(5) ("'[G]ood faith' means honesty in fact in the conduct of the transaction concerned."). The record contains

---

[4] When Starnes's requested help contacting a professional contractor, Stoneburner replied, "[if] you keep bugging these people they will quit responding. Handymen are not very dependable these days that's why our lease says y'all were willing to keep the place up. Read it!"

[5] In her motion for summary judgment, Starnes argued she was entitled to treble damages under both section 27-40-620(b) and section 27-40-410(b). The circuit court's Form 4 Order stated only that "[a]fter careful consideration of all relevant filings and the arguments of counsel, [Starnes's] Motion for Summary Judgment is hereby granted." Similarly, the circuit court's denial of Stoneburner's motion to alter or amend reads "the Court respectfully denies [Stoneburner's] Motion for the reasons set forth in the Court's previous Order." Therefore, whether the circuit court granted the motion on the issue of treble damages for Stoneburner's alleged violation of section 27-40-620(b), section 27-40-410(b), or both is unclear.

substantial evidence Stoneburner was aware of defects violating section 27-40-440(a).[6]  Accordingly, we find that his breach was willful or at least not in good faith and Starnes was entitled to summary judgment on the issue of treble damages under section 27-40-620(b).  Starnes was also entitled to summary judgment on the issue of treble damages under section 27-40-410(b).  Section 27-40-410 states,

> (a) Upon termination of the tenancy, property or money held by the landlord as security must be returned less amounts withheld by the landlord for accrued rent and damages which the landlord has suffered by reason of the tenant's noncompliance with [s]ection 27-40-510.  Any deduction from the security/rental deposit must be itemized by the landlord in a written notice to the tenant together with the amount due, if any, within thirty days after termination of the tenancy and delivery of possession and demand by the tenant, whichever is later.  The tenant shall provide the landlord in writing with a forwarding address or new address to which the written notice and amount due from the landlord may be sent.  If the tenant fails to provide the landlord with the forwarding or new address, the tenant is not entitled to damages under this subsection provided the landlord (1) had no notice of the tenant's whereabouts and (2) mailed the written notice and amount due, if any, to the tenant's last known address.
>
> (b) If the landlord fails to return to the tenant any prepaid rent or security/rental deposit with the notice required to be sent by the landlord pursuant to subsection (a), the tenant may recover the property and money in an amount equal to three times the amount wrongfully withheld and reasonable attorney's fees.

---

[6] After she toured the Property on March 8, Starnes sent Stoneburner photographs depicting its poor condition.  Between March 8 and March 20, Starnes notified Stoneburner of several defects.  On March 24, a sign was posted on the Property's front door declaring it unfit for occupancy.  On March 25, an official notice was sent to Stoneburner which included a report detailing the many violations summarized above.

On March 20, Starnes texted Stoneburner "The house isn't livable . . . . We need our money back for it." Stoneburner argues this notice of termination was invalidated by a subsequent text sent by Starnes claiming to still have a lease and that proper written notice of termination was not given until April 15.[7] We find the date of termination to be of little importance because Stoneburner failed to comply with section 27-40-410(a) under either date claimed. On April 29, Starnes texted Stoneburner requesting he send the security deposit and prepaid rent to the provided address of her attorney. Stoneburner then sent a Security Deposit Transmittal Letter (the Letter)[8] but to a different address. The Letter was returned and never sent to the address Starnes provided. Therefore, regardless of the date used for termination, Stoneburner violated section 27-40-410(a) because he had notice of Starnes's whereabouts and did not mail the Letter to her last known address within thirty days of either date. Accordingly, the court did not err in granting summary judgment on the issue of treble damages.

3. We do not address Stoneburner's argument that Starnes was precluded from an award of attorney's fees because she received free legal services as this issue was raised for the first time on appeal. *See State v. Rogers*, 361 S.C. 178, 183, 603 S.E.2d 910, 912-13 (Ct. App. 2004) ("There are four basic requirements to preserving issues at trial for appellate review. The issue must have been (1) raised to and ruled upon by the trial court, (2) raised by the appellant, (3) raised in a timely manner, and (4) raised to the trial court with sufficient specificity." (quoting Jean Hoefer Toal et al., *Appellate Practice in South Carolina* 57 (2d ed. 2002))); *State v. Dunbar*, 356 S.C. 138, 142, 587 S.E.2d 691, 694 (2003) ("An issue that was not preserved for review should not be addressed by the [c]ourt . . . .").

**AFFIRMED.**

**KONDUROS, GEATHERS, and VINSON, JJ., concur.**

---

[7] Starnes claims she gave notice by the text she sent on March 20, making the date of termination March 25. Stoneburner claims written notice was given on April 15, making the date of termination April 20.

[8] The Letter was postmarked on May 1.